FILED

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE

COUNTY OF CABARRUS   17 PM 12: 25 SUPERIOR COURT DIVISION

**15 CVS _____**

CABARRUS CO. C.S.C.

| | |
|---|---|
| **JOYCE L. THOMPSON,** <br> BY _____ <br><br> **Plaintiff,** <br><br> v. <br><br> **CAPITAL ONE BANK (USA) N.A. and** <br> **CAPITAL ONE SERVICES, LLC** <br> **Defendant.** | **COMPLAINT** <br> **(Jury Trial Demanded)** |

**NOW COMES** Joyce L. Thompson by and through counsel, and makes this Complaint against Defendant Capital One Bank (USA) N.A. (hereinafter "Capital One") and Capital One Services, LLC (hereinafter "Capital One Services"), alleging and saying as follows:

### INTRODUCTION

This is an action for damages brought by an individual consumer for Defendants' violations of North Carolina Prohibited Acts by Debt Collectors (hereinafter NCDCA) at N.C. Gen. Stat. § 75-50, *et seq*.

### JURISDICTION

1.  This action arises out of Defendants' violations of federal and North Carolina law in its illegal and unconscionable efforts to collect a consumer debt from Plaintiff.

2.  Venue is proper in this District because the acts and transactions occurred in Cabarrus County, North Carolina, Plaintiff resides in Cabarrus County, North Carolina and the Defendants transact business in Cabarrus County, North Carolina.

1

## PARTIES

3.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

4.     Plaintiff Joyce L. Thompson (hereinafter "Thompson") is a natural person residing in the City of Concord, County of Cabarrus, and State of North Carolina.

5.     Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1) as "any natural person who has incurred a debt or alleged debt for personal, family, household or agricultural purposes."

6.     Defendant Capital One is, upon information and belief, a wholly-owned banking subsidiary of Capital One Financial Corporation and a national bank organized under the laws of the state of Delaware, with a principal office and place of business in Glen Allen, Virginia.

7.     Defendant Capital One Services is, upon information and belief, a limited liability company and wholly owned subsidiary of Capital One, National Association, organized under the laws of the state of Delaware with a principal office in McLean, Virginia.

8.     At all times relevant Defendants were and are "Debt Collectors" as defined by the NCDCA at N.C. Gen. Stat. § 75-50(3) as "any person engaging, directly or indirectly, in debt collection from a consumer."

9.     At all times relevant to the subject matter of this Complaint, Defendants were involved in business activities in this state including collecting or attempting to collect payments and were therefore engaged in commerce in North Carolina.

10.     Defendants are engaged in the collection of debts from North Carolina consumers using the mail, internet, telephone and court system among other means.

2

11.    The alleged debt in this matter was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by N.C. Gen. Stat. § 75-50(2).

### Factual Allegations

12.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

13.    Mrs. Thompson obtained a credit card with Defendant Capital One to enable her to purchase personal, family and household goods.

14.    In the summer of 2013 Mrs. Thompson was unable to make her monthly payments to Defendants and went into default on the account.

15.    Sometime thereafter Defendants began a campaign of harassment via telephone and the mail against Mrs. Thompson in attempts to collect this alleged debt.

16.    Defendants placed calls or caused calls to be placed to Plaintiff's cellular telephone on at least the following days during July, August and September 2013: July 18, July 20, July 21, July 22, July 23, July 27, July 28, August 2, August 3, August 4, August 5, August 6, August10, August 11, August 13, August 18, August 19, August 21, August 22, August 23, August 24, August 25, August 26, August 27, August 28, August 29, August 30, August 31, September 1, September 3, September 4, September 5, September 6, September 7, September 8, September 9, September 10, September 11, September 12, September 13, September 14, September 15, September 16, September 17, September 18, September 19, September 20, September 21, September 22, September 23, September 24, September 25, September 26, September 27, September 28, September 29,

3

and September 30 leaving voicemails nearly every time they called in attempts to collect a debt.

17.     Defendants never disclosed to Mrs. Thompson in its verbal communications with her that it was attempting to collect a debt and that the purpose of each such communication was to collect a debt.

18.     Defendants were informed via letter dated June 25, 2013 that Mrs. Thompson was represented by an attorney. A copy of the letter is attached as Exhibit 1and incorporated herein by reference.

19.     Defendants were informed a second time of Mrs. Thompson's representation by an attorney via letter dated August 2, 2013. A copy of the letter is attached as Exhibit 2 and incorporated herein by reference.

20.     Both the June 25, 2013 letter of representation and the August 2, 2013 letter of representation specifically and expressly revoked any alleged prior consent for Defendants to use an automated dialing system to call Plaintiff's cellular telephone.

21.     The Defendants use an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) which means *"equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."*

## FIRST CAUSE OF ACTION

**Violations of the North Carolina Prohibited Acts by Debt Collectors.**
**N.C. Gen. Stat. §75-50, *et. seq*.**

22.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

4

23. Defendants in placing such numerous calls to Mrs. Thompson for several months have caused her telephone to ring and engaged her in telephone conversation with such frequency as to be unreasonable and to constitute harassment to her in violation of N.C. Gen. Stat. § 75-52(3).

24. Defendants in placing such numerous calls to Mrs. Thompson have engaged in conduct the natural consequence of which is to oppress, harass, or abuse a person in connection with the attempt to collect a debt in violation of N.C. Gen. Stat. § 75-52.

25. Defendants in its communications with Plaintiff after notice of her representation by an attorney have attempted to collect a debt from a consumer by unconscionable means and in knowing, willful, and malicious violation of N.C. Gen. Stat. § 75-55 generally and § 75-55(3) specifically.

26. The communications with Mrs. Thompson were fraudulent, deceptive or misleading in that Defendants failed to disclose in all communications to collect a debt that the purpose of such communication was to collect a debt in violation of the NCDCA at N.C. Gen. Stat. § 75-54(2).

27. As a result of Defendants' violations of N.C. Gen. Stat. §75-50, *et seq.*, (as described above) Plaintiff is entitled to actual damages, statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation and punitive damages as well as reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-56(b) and §75-16.1.

28. The actions of Defendants and their agents have proximately caused injury to the Plaintiff in the form of emotional distress, humiliation, embarrassment and mental anguish, and have caused her to accrue fees and other expenses.

5

29.     The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the North Carolina Debt Collection Act, including but not limited to all of the above mentioned provisions as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff.

## SECOND CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq.*

30.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

31.     Upon information and belief, during the time relevant to this Complaint, Defendants called the Plaintiff's cellular telephone by means of an automated dialing system without express permission to do so from the Plaintiff or after she revoked any prior consent.

32.     This action is an intentional violation of 47 U.S.C. § 227, *et seq.*, and Plaintiff seeks damages pursuant thereto.

33.     Upon information and belief, Defendants used an automatic telephone dialing system or a prerecorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

34.     Plaintiff did not expressly consent to Defendants' placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendants' placement of the calls and specifically revoked any such consent via the letters mailed to Defendants June 25, 2013 and August 2, 2013 .

6

35.    None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

36.    When Defendants placed calls to Plaintiff's cellular telephone after being told not to do so Defendants willfully or knowingly violated the TCPA.

37.    Defendants placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent and after revocation of any such consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court to:

1.    Award her actual damages in an amount to be determined at trial, $4000 in statutory damages per violation alleged herein and punitive damages pursuant to N.C. Gen. Stat. §75-56(b) alleged herein from Defendants.

2.    That Mrs. Thompson be awarded damages from the Defendants in an amount to be determined at trial that will fairly and reasonably compensate her for the emotional distress, aggravation, annoyance, and inconvenience suffered as a result of the Defendants' unlawful acts.

3.    That the Plaintiff be awarded maximum statutory damages of $1,500 per violation for intentional violations of 47 U.S.C. 227, *et. seq.*

4.    Award her punitive damages if by law allowed.

5.    Award her the costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 from Defendants.

6.     Award her the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from Defendants.

7.     Grant trial before a jury on all issues so triable.

8.     Grant such other and further relief as the Court deems just and proper.

This the 16 day of April, 2015.

Travis E. Collum
Collum & Perry, PLLC
Attorney for Plaintiff
NC Bar No. 29158
Post Office Box 1739
Mooresville, NC 28115
Telephone: 704-663-4187
Facsimile: 704-663-4178

8